Barnard, P. J.
—The defendant is a charitable corporation incorporated by the legislature under chap. 584, Laws of 1869, for the purpose of treating indigent persons suffering from diseases of the eye and ear. The proof shows that the corporation exercised due care in the selection of its physicians. The proof also shows that the operation was one to open the duct which leads from the eye to the nostril, and that it was skillfully done. The only neglect proven consisted in a direction to keep on a bandage over the eye all night after the operation, and in the morning to go to work as usual.
The bandage hurt the patient very much during the night. In the morning the sight was gone from the eye. The negligence consisted in the direction of the doctor in the hospital telling the patient to keep the bandage on all night Ho inference of negligence can be made from this testimony'. The direction to keep a *782 bandage on the eye accords with the experience of all, and there is no reason why it should cause loss of sight The complaint states an unskillful operation ; and while the evidence is not returned, the charge of the judge takes it for granted from the evidence that the operation was well and skillfully done, but that the defendant owed a duty as to the future treatment of the injured part In other words, if the physician told the patient to keep a bandage over his eye all night, and if that, in the opinion of the jury, was not the proper direction, a case of negligence would be made out against the defendant; without other proof, we think no action is made out.
The defendant is not liable, except for the omission to give due care to the selection of its skilled employes, surgeons and others. McDonald v. Mass. General Hospital, 120 Mass., 432; Insurance Patrol v. Boyd, 120 Pa., 624.
The court of appeals of this state has not been called upon to adjudicate upon the question, so far as I can discover.
Mr. Justice Gilbert at circuit held the corporation not liable unless a bad selection of persons to act for the care of diseases was made by the corporation. Mr. Justice Lawrence has similarly held at circuit and at special term.
The judgment should be reversed and a new trial granted, costs to abide event
Pratt, J., concurs; Dykman, J., not sitting.